UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

REGGIE BOYD,
    *Plaintiff*,

v.

LARREGUI *et al.*,
    *Defendants*.

No. 3:22-cv-1592 (JAM)

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS
BUT DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Reggie Boyd alleges that the police used excessive force when they arrested him in 2016. He filed a federal lawsuit in 2019 against several police officers and the City of Bridgeport. But that lawsuit was later dismissed for failure to state a claim and failure to prosecute.

Boyd then decided to file the same lawsuit in Connecticut state court. After he served the defendants with a state court summons and complaint, they responded by removing the state court action to this Court on the ground that it raised questions of federal law.

Now, however, the defendants turn tail and argue that the removal of this action was improper. They say that, because Boyd only served them with a summons and complaint but did not follow through by filing the complaint in state court, there was never actually a state court action for them to remove to federal court. They lament that they "unfortunately removed a non-existent case to Federal Court."[1]

But that is not so. Connecticut law makes clear that a state court action commences and is brought with the service of the summons and complaint. If a defendant who has been served with

---

[1] Doc. #11-1 at 3.

a Connecticut state court summons and complaint removes the action to federal court, a federal court's jurisdiction does not turn on whether a plaintiff eventually files a complaint in state court.

So I will deny the defendants' motion to dismiss. But because Boyd was a prisoner when this action was filed, I have an independent duty to review the complaint pursuant to 28 U.S.C. § 1915A and decide if the complaint states plausible grounds for relief. It does not. Because Boyd seeks to re-litigate federal law claims that the Court previously dismissed on their merits, this action is barred by *res judicata*. Therefore, I will dismiss the complaint.

## BACKGROUND

Boyd's complaint alleges that Bridgeport police officers used excessive force against him in violation of federal and state law.[2] He claims that Officer Larregui used a taser on him without warning and despite the fact that he was not resisting his arrest.[3] Then Officer Larregui and two more Bridgeport police officers—Officers Wilson and Torres—tackled and handcuffed him.[4] They fractured his wrist and applied the handcuffs too tightly.[5] Sergeant Seely arrived on the scene but did not intervene to prevent the use of excessive force.[6] The complaint names as defendants all these officers, as well as the Bridgeport police chief and the City of Bridgeport.[7]

Boyd previously filed the very same complaint against the same defendants in this Court in 2019.[8] That action was dismissed over the course of two rulings in 2020 and 2021. First,

---

[2] Doc. #1-1. The complaint alleges that the defendants acted in violation of "the Constitution and laws of the United States and the State of Connecticut" but without specifying any particular provision of law. *See id.* at 4 (¶ 1).
[3] *Id.* at 6 (¶ 13), 7 (¶ 25).
[4] *Id.* at 6 (¶ 14).
[5] *Id.* at 6–7 (¶¶ 15–17).
[6] *Id.* at 7 (¶ 20).
[7] *Id.* at 4–5 (¶¶ 4–9).
[8] *See Boyd v. Larregui*, No. 3:19-cv-579 (D. Conn.) (*Boyd I*). The only difference between the allegations of the complaint filed in this case and those of Boyd's 2019 complaint is a single paragraph in the more recent complaint which states: "This action is brought pursuant to Conn Gen Stat 52-592." Doc. #1-1 at 9 (¶ 35). That statute is titled "Accidental failure of suit; allowance of new action," and it provides that "[i]f any action, commenced within the time limited by law, has failed one or more times to be tried on its merits … for any matter of form," the plaintiff "may commence a new action … for the same cause at any time within one year after the determination of the original action." Conn. Gen. Stat. § 52-592(a).

Judge Haight dismissed Boyd's claims against the police chief and the City of Bridgeport for failure to state a claim.[9] Judge Haight concluded that the complaint failed to allege facts showing the personal involvement of the police chief in any deprivation of Boyd's rights and that the complaint failed to allege facts to show that the City had failed to train Officer Larregui in the proper use of a taser.[10] Judge Haight allowed Boyd to file an amended complaint but Boyd did not do so.

The remaining officer defendants then filed a motion for judgment on the pleadings, but Boyd—who was represented by counsel—did not file any objection or other response.[11] Some months later the case was transferred to Judge Merriam who issued an order to show cause why the case should not be dismissed for failure to prosecute, citing Boyd's failure to file a response to the motion for judgment on the pleadings as well as the parties' failure to file a Rule 26(f) report.[12]

When Boyd did not file a response to the order to show cause, Judge Merriam dismissed the action.[13] She ruled that the motion for judgment on the pleadings was "meritorious" to the extent that the complaint did not adequately allege that Sergeant Seeley or Officers Wilson and Torres had an opportunity to intervene to prevent the use of excessive force by Officer Larregui.[14] She further ruled that the claims against Officer Larregui should be dismissed for failure to prosecute because of Boyd's failure to file any response to the motion for judgment on the pleadings, his failure to take part in the filing of a Rule 26(f) report, and his failure to file a response to the order to show cause.[15]

---

[9] *See Boyd v. Larregui*, 2020 WL 5820491 (D. Conn. 2020).
[10] *Id.* at *5–8.
[11] *Boyd I* Doc. #18.
[12] *Boyd I* Docs. #19, #20.
[13] *See Boyd v. Larregui*, 2021 WL 5359719 (D. Conn. 2021).
[14] *See id.* at *3.
[15] *Id.* at *2–3.

3

Boyd did not appeal. Instead, he waited for about a year until November 2022 before deciding to pursue relief on the same claims in Connecticut Superior Court.[16] He served a state court summons and copy of the complaint on the defendants, and the defendants in turn removed the action to this Court.[17]

The defendants now move to dismiss for lack of federal jurisdiction.[18] Boyd has not filed any objection or response to the motion.[19]

### DISCUSSION

I will first address the defendants' motion to dismiss for lack of federal jurisdiction. Then, because Boyd was a prisoner at the time of the filing of this lawsuit, I will conduct an initial review of the adequacy of Boyd's complaint as I am required to do pursuant to 28 U.S.C. § 1915A.

#### *Motion to dismiss for lack of federal jurisdiction*

The defendants argue that the Court does not have jurisdiction because the action was not properly removed to federal court. They rely on the wording of the federal removal statute which states that a defendant may remove "any civil action *brought in a State court* of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (emphasis added). According to the defendants, this action was not "brought in a State court" because Boyd only served them a summons and complaint and did not follow through by filing his complaint in the Connecticut Superior Court.

---

[16] Doc. #1-1 (state court complaint dated November 15, 2022).
[17] Doc. #1.
[18] *See* Doc. #11.
[19] Despite the failure of Boyd to oppose the motion to dismiss, I decline to grant it for that reason alone but choose to assess whether it has merit. *See* D. Conn. L. Civ. R. 7(a)(2) ("Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, *except where the pleadings provide sufficient grounds to deny the motion*.") (emphasis added).

For purposes of deciding whether an action has been "brought in a State court" within the meaning of the federal removal statute, "a federal court must honor state court rules governing commencement of civil actions when an action is first brought in state court and then removed to federal court, even though the cause of action arises from federal law." *Winkels v. George A. Hormel & Co.*, 874 F.2d 567, 570 (8th Cir. 1989). The defendants do not dispute that the meaning of "brought in a State court" should be determined by reference to Connecticut law and they do not dispute that Connecticut law defines an action to be "commenced" merely upon service of the summons and complaint on a defendant. *See* Conn. Gen. Stat. § 52-45a.

They insist, however, that "although 'commenced' upon service, [an action] is not 'brought' until it is returned to the [state court]."[20] But this argument overlooks precedent holding that "there is no substantive distinction between the terms 'bringing' an action and 'commencing' an action." *Chestnut Point Realty, LLC v. Town of E. Windsor*, 324 Conn. 528, 539 (2017). [21] And there is a "long line of Connecticut cases holding, in a variety of contexts, that commencing or 'bringing' an action under Connecticut law means serving the summons and complaint on the defendant." *Bates v. City of Bristol*, 2018 WL 1472523, at *5 (D. Conn. 2018) (collecting cases).

The defendants misplace their reliance on *Marciniszyn v. Cigna Corp.*, 59 F. Supp. 3d 459 (D. Conn. 2014), a case in which I remanded a small claims action to Connecticut Superior Court because the action "was served on [the] defendant but not actually filed in any state court."[22] *Id.* at 461. There I relied on the fact that for small claims actions "the Connecticut

---

[20] Doc. #11-1 at 7
[21] Unless otherwise indicated, this order omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.
[22] *See id.* at 6.

Practice Book makes clear that no action begins until a plaintiff has filed the writ in the small claims court." *Ibid.* (citing Conn. Pract. Book § 24-8).

This is not a small claims case. It is an ordinary civil action that is not governed by the special commencement rule that applies for small claims cases. Indeed, my decision in *Marciniszyn* acknowledged the general rule that "Connecticut courts have long held that civil actions commence upon service of process." *Ibid.*[23] Therefore, *Marciniszyn* is readily distinguishable and does not support the defendants' argument that this case was not "brought in State court" when the state court summons and complaint were served on the defendants.

It is true that Rule 3 of the Federal Rules of Civil Procedure provides that "[a] civil action is commenced by filing a complaint with the court." But the Federal Rules of Civil Procedure "apply to a civil action *after* it is removed from a state court." Fed. R. Civ. P. 81(c)(1) (emphasis added). "Since federal rules govern proceedings only after removal, Rule 3 is irrelevant to whether [an] action was properly commenced in state court prior to removal." *Winkels*, 874 F.2d at 570.

In short, when the summons and complaint were served on the defendants, this action was "brought in a State court" for purposes of the federal removal statute, 28 U.S.C. §1441(a). Therefore, it was properly removed to federal court at that time. And Boyd was not required to engage in the formality of filing his complaint in a state court after the defendants had removed the action to federal court. Accordingly, I will deny the defendants' motion to dismiss for lack of federal jurisdiction.

---

[23] Although I further stated that "no Connecticut statute or Practice Book rule appears to specify when an ordinary civil action is deemed to commence," 59 F. Supp. 3d at 461, this statement was mistaken because Conn. Gen. Stat. § 52a-45 clearly states that a civil action is "commenced" upon service of the writ of summons and complaint.

### *Initial review pursuant to 28 U.S.C. § 1915A*

Boyd was a prisoner at the time that this lawsuit was filed.[24] Federal law requires me to conduct an initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and to dismiss the complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)–(b).

The doctrine of *res judicata*—sometimes referred to as claim preclusion—bars a plaintiff from litigating claims if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Soules v. Conn. Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 55 (2d Cir. 2018). A court may *sua sponte* dismiss a prisoner action pursuant to § 1915A if it is clear from the complaint and judicially noticeable facts that *res judicata* bars the action. *See Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) (*per curiam*); *Berki v. James*, 2019 WL 8806163, at *2 (E.D.N.Y. 2019).

As noted above, Judge Haight and Judge Merriam dismissed Boyd's claims against five of the six defendants for failure to state a claim. This was an adjudication on the merits. "For purposes of the doctrine of *res judicata*, a 'dismissal for failure to state a claim is a final judgment on the merits.'" *Brodsky v. N.Y.C. Campaign Fin. Bd. by Weisman*, 796 F. App'x 1, 4 (2d Cir. 2019) (quoting *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009)).[25]

---

[24] Doc. #1-1 at 2 (identifying Boyd's address at state prison facility in Somers, Connecticut).
[25] It could be argued that the dismissal of Boyd's claims against Officers Wilson and Torres overlooked that the complaint alleged not only that they failed to intervene to prevent Officer Larregui's use of a taser but also that they personally took part in the use of excessive force by means of tackling and handcuffing Boyd and ignoring his complaints that the handcuffs were too tight. *See Boyd I* Doc. #1 at 3–4 (¶¶ 14–17, 21). But *res judicata* would apply all the same even if there was error with respect to the dismissal of the claims against Officers Wilson and Torres. *See Ireland v. Cnty. of Solano*, 2010 WL 99377, at *2 (E.D. Cal. 2010) (applying *res judicata* to prior dismissal of

7

Judge Merriam then dismissed Boyd's claim against the last of the defendants—Officer Larregui—for failure to prosecute. Rule 41(b) of the Federal Rules of Civil Procedure states that "[u]nless the dismissal order states otherwise," a dismissal based on a plaintiff's "fail[ure] to prosecute … operates as an adjudication on the merits." Judge Merriam's dismissal order does not state that the dismissal for failure to prosecute was without prejudice. Therefore, the dismissal for failure to prosecute was also an adjudication on the merits for purposes of federal *res judicata* doctrine. *See Gaind v. Pierot*, 282 F. App'x 946, 947 (2d Cir. 2008) (relying on Rule 41(b) to apply *res judicata* to a prior failure-to-prosecute disposition).[26]

In short, *res judicata* bars Boyd from re-litigating his federal law claims against the defendants before me. Accordingly, I will dismiss this action with prejudice pursuant to 28 U.S.C. § 1915A.

---

excessive force claim "even if [prior ruling] erroneously dismissed [plaintiff's] excessive force claims under the higher Eighth Amendment standard for convicted inmates, rather than the lower Fourteenth Amendment standard for pretrial detainees, like [plaintiff]").

[26] The application of *res judicata* to federal claims in federal court is a question of federal law, not state law. *See Rafi v. Yale Sch. of Med.*, 2022 WL 1409577, at *2 (2d Cir. 2022) (citing *Wyly v. Weiss*, 697 F.3d 131, 140 (2d Cir. 2012)). To the extent that the complaint vaguely alleges any state law claims, I would decline to exercise supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367(c), so there is no need for me to consider whether state law principles of *res judicata* should apply to any state law claims. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506–09 (2001); *see also Wells Fargo Bank, Nat'l Ass'n v. Doreus*, 218 Conn. App. 77, 84 (dismissal for failure to prosecute does not constitute dismissal on the merits for purposes of Connecticut state law principles of *res judicata*), *cert. denied*, 347 Conn. 904 (2023).

## CONCLUSION

For the reasons set forth above, the Court DENIES the defendants' motion to dismiss (Doc. #11) but DISMISSES the complaint pursuant to 28 U.S.C. § 1915A. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 11th day of October 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge